# QUARTER SESSIONS OF LYCOMING CO.

## OVERSEERS OF POOR OF DAVIDSON TOWNSHIP vs. OVERSEERS OF POOR OF MORELAND TOWNSHIP.

PAUPERS—POOR LAWS OF PENNSYLVANIA—REMOVALS OF PAUPER—SETTLEMFNT OF PAUPER, WHEN DERIVED FROM PARENT—EMANCIPATION OF A CHILD AT 21 YEARS OF AGE—ABLE-BODIED CHILDREN ARRIVING AT 21 BECOME IPSO FACTO EMANCIPATED—EFFECT OF A CHANGE OF RESIDENCE BY PARENT AND EMANCIPATED CHILD, FOLLOWED BY SERVICE IN THE PARENT'S FAMILY WITHOUT A CONTRACT OF HIRING.

Appeal from order of removal. The following were the facts:—

Many years ago, Ann Sperry, at the age of 25, removed with her father from Huntingdon Township, Luzerne County, to Davidson Township, Lycoming County. She was sound in mind and body, and for some years remained with her father, doing housework, without a contract of hiring, hope of reward, or actual compensation beyond her board and clothing. On this a claim of settlement in Davidson was subsequently founded. From 1844 to 1868 Ann lived in Benton and various other districts, without gaining a settlement in any. In 1868, after a few months' residence in Moreland Township, Lycoming County, Ann was disabled by a fall on the ice, and became a township charge. In 1869 two justices of Lycoming County made an order directing the overseers of Moreland to care for her "until she could be removed to her last legal settlement." Soon afterwards the Moreland overseers took her and left her in Davidson Township, Sullivan County, at the residence of her half-brother, alleging that Davidson was her "last legal settlement." Her half-brother being unable to support her, the Davidson overseers, alleging that if she ever had a settlement in Davidson she had afterwards lost it by going to Benton Township, Colum-

bia County, obtained an order for her removal back to Moreland, which was effected. This order of return was affirmed, both on appeal to the Quarter Sessions of Sullivan County, and on writ of error, the Supreme Court holding that it was incumbent on Moreland to ascertain her "last legal settlement." (Moreland vs. Davidson, 21 Sm. 371.)

The Moreland overseers then obtained an order for Ann's removal to Benton Township, Columbia County, but on appeal to the Quarter Sessions of Lycoming County, the Benton overseers proved that Ann had no settlement there, and the order was reversed. The Supreme Court, on writ of error, affirmed this decree, and decided that "Moreland must resort to the last place of legal settlement of the pauper, wherever that shall be found." (Moreland vs. Benton, 3 Weekly Notes, 20.)

The Moreland overseers then, in 1877, again obtained an order of removal to Davidson Township, and Ann was sent there, whereupon the Davidson overseers took this appeal to the Quarter Sessions of Lycoming County. All the testimony taken in the former proceedings was read in evidence, and new testimony was taken, which tended to show that Ann had never acquired a legal settlement after leaving Davidson.

O. H. REIGHARD and F. F. DRAKE, for the appellant.

Moreland is concluded by the decree in 21 Sm. 373, from again calling upon Davidson to take charge of this pauper.

It is not proved that Davidson was her last legal settlement.

LINN, BENTLY, and BENTLY and PARKER, contra.

April 15, 1879. THE COURT. Two questions are raised in the proceedings before us in this case: (1) Whether or not Moreland Township is concluded by a former decree from again calling upon Davidson Township to take charge of this pauper. (2) Whether or not Davidson Township is the last place of settlement of the pauper Ann Sperry.

(1) As to the first question it is to be noticed that the proceeding reported in 21 P. F. S., supra, was between the same parties, and related to the same subject matter as the one before us, viz., the ascertainment of the last place of settlement of the pauper Ann Sperry. And it is also to be noticed that in that proceeding Moreland Township was the appellant. Chief Justice Gibson in West Buffallo vs. Walker Township (8 Barr, 180), said: "It appears that an order of the Sessions confirming an order of removal is conclusive against the appealing parish against all the world." In the view we take of this branch of the case it becomes necessary to inquire into the effect to be given to the fact appearing in the record of the former decree (21 P. F. S., supra), viz., that that decree was made against Moreland, not because the pauper did not have a settlement in Davidson Township, but because in the investigation of the question then presented it appeared that the pauper had acquired a settlement elsewhere after she left Davidson.

We think the Supreme Court in their wisdom foresaw the very question now before us, and expressly provided against their decree being construed to be final and conclusive between these parties. Chief Justice Thompson, in delivering the opinion of the Court, says: "I will not speculate on what might be the condition of affairs if it should turn out eventually that she had no residence in Benton or in any other township, excepting at her derivative settlement, which it seems was Davidson Township; we leave this until it occurs."

(2) Did Ann Sperry have a settlement in Davidson Township? In both the former investigations of this question it was taken for granted in the Courts below that this pauper had a derivative settlement in Davidson Township. Chief Justice Thompson says it seems her derivative settlement was Davidson Township. In the discussion of the case now before us it is claimed by Moreland Township that the pauper had a settlement in Davidson Township derivatively from the father, who

had a settlement there while she remained in his family. It was not claimed nor indeed could it have been maintained that Ann Sperry had any other kind of settlement. It is evident there was no contract of hiring either ex-- pressed or implied. Her services were rendered to her father and his family, after she became of age, no doubt on account of her love and affection for her father, or for her younger brothers and sisters, or both. No contract of hiring was shown. Many cases might be cited, that no contract can be presumed to exist between father and child for services rendered to the former by the latter after she comes of age.

Did Ann Sperry then have a settlement in Davidson Township derivatively, by reason of her father having a settlement there while she was a member of his family? She undoubtedly did if she was not emancipated in law or in fact before she came to live in Davidson Township.

We have already seen that this pauper arrived at the age of 21 years while she was a member of her father's family in Huntingdon Township, Luzerne County, several years before she removed with the family to Davidson Township. That she never married, and that she was always of sound mind and body and able to take care of herself until the accident happened in 1868, which rendered her chargeable. After she was of age she could have left her father's house at any time; he could not compel her to serve him any longer, nor restrain her from going and doing as she pleased. She was no longer under any legal restraint whatever. She was then freed or emancipated by the law, and had power to do anything that might be lawfully done by anybody, and of course was competent by her own acts to acquire a settlement for herself in any of the modes prescribed in such cases by the statute.

Although we do not find any case in this State squarely deciding it, we think the rule of law is, that children arriving at the age of 21 years are ipso facto to be considered emancipated, unless they are compelled to remain

longer with their parents on account of some infirmity or mind or body, which renders them incapable of taking care of themselves.

That arriving at the age of 21 years is equivalent to emancipation is plainly indicated in Lewis vs. Turbut (3 Harris, 147). Judge Anthony, in the Court below, then said: "The settlement of a pauper is the place of his birth, the father's settlement is the settlement of the children, etc. Until the son acquires a new settlement his father's settlement is his. He must contract a relation inconsistent with the idea of being part of his father's family, as marriage or arriving at the age of 21 years, etc.,before he becomes emancipated,etc." In affirming this judgment of the court below,the Supreme Court say in their per curiam opinion,"The law of the case was stated by the President Judge with entire accuracy in every particular."

That children are not to be considered emancipated at the age of 21 years who are compelled to remain longer with their parents on account of some infirmity of mind or body which renders them incapable of taking care of themselves, has been repeatedly decided in this and other States. In Washington vs. Beaver (3 W. & S. 548) the pauper was a lunatic. In Shippen vs. Gaines (5 Harris, 38) the pauper was an idiot. In Toby vs. Madison (8 Wr. 60) the pauper was a lunatic. In Wayne vs. Jersey Shore (1 W. N. C. 340) the pauper was insane.

In support of the rule as to children of sound mind and body, as we have above stated it,may be cited the following authorities: Monroe vs. Jackson (55 Maine, 55), Lowell vs. Newport (66 Maine, 78); Oxford vs. Rumney (3 New Hampshire, 331); Springfield vs. Wilbraham (4 Mass, 493); Upton vs. Northbridge (15 Mass. 237); Buckland vs. Charlemont (3 Pick. (Mass.) 172). The only case we have been able to find tending to sustain a different rule, is the case of Alexandria vs. Bethlehem (16 New Jersey, 119), but an examination shows that the pauper in that case was an idiot, and hence the case is not necessarily in conflct with the rule. That a child who has

been emancipated from her father's family, does not, except by her own acts, acquire a settlement where her father subsequently goes to reside, scarcely needs authority for its support. The following cases, however, will be found in point:

Washington vs. Beaver (3 W. & S. 548); Lewis vs. Turbut (3 Harris, 145); Lowell vs. Newport (66 Maine, 78); Springfield vs. Wilbraham, (4 Mass. 493); and Buckland vs. Charlemont, (3 Pick. 172).

Having found that Ann Sperry, the pauper in this case, was of sound mind and body, and well able to take care of herself when she arrived at the age of 21 years; and that at that time the settlement of her father was Huntingdon Township, Luzerne County, we hold that Ann was then emancipated, and that she could not have a settlement derivatively from her father in Davidson Township, Sullivan County, the district to which she removed with him after arriving of age, and in which he subsequently acquired a settlement.

The order of removal, therefore, is vacated and discharged at the costs of the appellees. And it is further ordered that the pauper be returned to the appellees, and that they pay to the appellants the reasonable costs of her keeping and of her removal. If the pauper is dead—as we have heard since the argument of this case—it is ordered that the appellees pay to the appellants the reasonable cost of keeping until the time of her death, together with the reasonable expense of her burial.

Opinion by CUMMIN, P. J.

THE federal court at Leavenworth, Kan., Judges Dillon and Foster presiding, rendered a decision in the famous Pottawatomie land cases, affecting the title to thousands of acres of lands in Shawnee, Wabaunsee, Jackson and Pottawatomie counties, in that State, the decision being a practical victory for the settlers.